IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILDCAT LICENSING WI LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>FAURECIA S.A., FAURECIA USA HOLDINGS, INC., FAURECIA INTERIOR SYSTEMS, INC., FAURECIA AUTOMOTIVE SEATING, LLC, FAURECIA MADISON AUTOMOTIVE SEATING, INC., FAURECIA EMISSIONS CONTROL TECHNOLOGIES, USA, LLC, FAURECIA EMISSIONS CONTROL SYSTEMS NA, LLC, and FAURECIA AUTOMOTIVE HOLDINGS, INC.,<br><br>*Defendants.* | C.A. No. 19-839-MN-JLH |
| WILDCAT LICENSING WI LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>*Defendant.* | C.A. No. 19-843-MN-JLH |

| | |
|---|---|
| WILDCAT LICENSING WI LLC,<br><br>   *Plaintiff,*<br><br>   v.<br><br>JAGUAR LAND ROVER LIMITED and JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>   *Defendants.* | C.A. No. 19-844-MN-JLH |
| WILDCAT LICENSING WI LLC,<br><br>   *Plaintiff,*<br><br>   v.<br><br>MAGNA INTERNATIONAL INC., MAGNA INTERNATIONAL OF AMERICA, INC., MAGNA POWERTRAIN INC., MAGNA POWERTRAIN OF AMERICA, INC., MAGNA POWERTRAIN USA, INC., MAGNA SEATING OF AMERICA, INC., MAGNA EXTERIORS OF AMERICA, INC., MAGNA CLOSURES OF AMERICA, INC., and COSMA INTERNATIONAL INC.,<br><br>   *Defendants.* | C.A. No. 19-846-MN-JLH |

**DEFENDANTS' OPPOSITION TO**
**WILDCAT'S LETTER MOTION (D.I. 90 in 1:19-cv-00844)**

{01657849;v1 }

Dear Judge Hall,

      I write on behalf of the Faurecia, GM, Jaguar, and Magna defendants ("Defendants") in the above-captioned cases to oppose Wildcat's January 27, 2021 letter motion (*e.g.*, D.I. 90 in 1:19-cv-00844) ("Wildcat's Letter"). Wildcat seeks conditional authorization to self-produce the Defendants' highly confidential district court documents in the IPRs if the PTAB grants Wildcat's pending motion for additional IPR discovery ("PTAB Motion"). Wildcat's conditional request will be premature unless and until the PTAB grants Wildcat's PTAB Motion, and will be superfluous thereafter. Moreover, the district court protective order (*e.g.*, D.I. 35 in 1:19-cv-00844) ("PO") forbids such self-production, and should not be modified to allow it.

### Wildcat's Pending PTAB Motion Makes Wildcat's Letter Premature and Superfluous

      Wildcat's PTAB Motion asks the PTAB to allow Wildcat to ask the IPR petitioner-defendants (Faurecia, GM, and Magna) to produce their highly confidential district court documents in the IPRs. *See* 37 CFR § 42.51(b)(2)(i). Wildcat's Letter is premised upon a future grant of that motion, so Wildcat's Letter is premature. It is also superfluous. If the PTAB grants Wildcat's PTAB Motion, the petitioner-defendants will (1) produce the authorized discovery (e.g., confidential district court documents) in accordance with the PTAB's future order and 37 CFR § 42.51(c), (2) seek reconsideration from the PTAB, and/or (3) seek interlocutory review. 1/19/21 email from B. Kiersz to M. Seralathan (**Ex. 1** at 2).

      Wildcat's PTAB Motion also asks to subpoena the non-petitioner defendants from the Jaguar, BMW, FCA, Ford, and Lear suits, for production of their highly confidential district court documents. *See* 35 U.S.C. § 24. If the PTAB authorizes such subpoenas, those non-petitioner defendants will likely object. It will be their first and only opportunity to object to the disclosure of their highly confidential documents because they are not parties to the IPRs. *See* **Ex. 1** at 2.

      If the PTAB grants Wildcat's PTAB Motion and Defendants produce their confidential district court documents in the IPRs, the protective order in the IPRs will govern any use. Conversely, if the PTAB denies Wildcat's PTAB Motion, Wildcat's Letter will become moot. This Court should therefore deny Wildcat's Letter request as both premature and superfluous.

### Wildcat's Proposed Self-Production Would Violate The PO

      Wildcat asks the Court to allow Wildcat to self-produce Defendants' confidential district court documents in the IPRs if Wildcat's PTAB Motion is granted. But the parties' stipulated PO prohibits Wildcat from doing so.

      The defendants are competing automakers or suppliers to the automotive industry. They are rightly concerned about their confidential information being used/seen by direct competitors or by entities with whom they engage in arm's length negotiations in the ordinary course of business. Defendants mitigated this risk by negotiating Section 5(f) of the PO early in this case. It forbids Wildcat from "disclos[ing] one Defendant's Protected Material to any other Defendant … without the express prior written consent of the Defendant that produced the Protected Material." This Section 5(f) prohibition controls, "[n]othwithstanding" any other section of the PO. Section 5(e) of the PO also prohibits Wildcat from "[c]ross-produc[ing]" defendants' confidential documents in different cases. And Section 8(b) of the PO forbids Wildcat from sharing one defendant's confidential information with third parties or defendants in other cases. Wildcat's proposed self-production in the IPRs would violate Sections 5(e), 5(f), and 8(b) of the PO by disclosing defendants' confidential district court documents to the IPR

{01657849;v1}

petitioners, who include a third party (Atlas Copco) and other defendants (Faurecia, GM, and Magna). *See* **Ex. 1** at 7. Indeed, even Wildcat previously admitted that the PO would have to be modified to permit such self-production in the IPRs. *See* 8/17/20 Joint Status Report (*e.g.*, D.I. 56 in 1:19-cv-00844) at 5 (Wildcat requests to "modify[] the [PO] to permit confidential information to be submitted in the IPR proceedings under seal and for … Petitioners' counsel's eyes only").

Wildcat's Letter (at 1) asserts that a disclosure to a party's outside counsel would not breach the PO because it would not be a disclosure to that party. Wildcat is wrong. The PO defines "party" to include "outside counsel." PO, § 1(d); *see also id.* at § 8(b)(i). This is why disclosure to outside counsel pursuant to the PO satisfies rules and orders requiring disclosure to "parties." *See, e.g.,* Fed. R. Civ. P. 34(a), 33(d); PO, § 1(g), 5(b).

A hypothetical grant of Wildcat's PTAB Motion does not change Wildcat's obligations because the PTAB does not have the authority to modify Wildcat's obligations under this Court's PO.  The parties' joint status report is similarly not helpful to Wildcat. It only confirmed that Wildcat can "move the Board in the IPR proceedings to compel the production of confidential information produced in this litigation for use in the IPR proceedings" without violating the PO. 8/17/20 Joint Status Report (*e.g.*, D.I. 56 in 1:19-cv-00844) at 5. Permitting Wildcat to move to compel <u>defendants</u> to independently produce documents in the IPRs is not the same as authorizing <u>Wildcat</u> to self-produce such documents.

Wildcat's proposed self-production of Defendants' confidential district court documents in the IPRs would violate the PO even if the PTAB grants Wildcat's PTAB Motion.

### There Is Not Good Cause To Modify The PO To Permit Self-Production

The Court and parties already agreed that there was "good cause" (PO at 1) for the existing PO. There is not good cause to modify the PO to allow Wildcat's proposed conditional self-production, and ample reason to deny it.

*First,* there is no need for such relief. If Wildcat's PTAB Motion is well-founded, the PTAB will grant it and Defendants will produce their documents in the IPRs, subject to available objection procedures as explained above. There is simply no need for the Court to get involved in a dispute that will be fully resolved by the PTAB's existing procedures.

*Second,* this Court should deny Wildcat's proposed PO modification because it would negate the discovery safeguards afforded by the PTAB's discovery rules. If Wildcat can self-produce the defendants' confidential district court documents as soon as the PTAB grants Wildcat's PTAB Motion, rather than "waiting for Defendants to reproduce such discovery" (Letter at 2) after any objections, the defendants will be deprived of their right to object to, appeal, or seek reconsideration of that PTAB decision or a subpoena flowing from it.

*Third,* Wildcat's Letter request violates a recent agreement with non-petitioner Jaguar. "Wildcat agreed that if the PTAB authorizes Wildcat to use subpoenas to try to compel the non-petitioner Defendants to produce their respective confidential district court documents in the IPRs, Wildcat will abide by that subpoena process provided in 35 U.S.C. 24 and avoid self-producing the non-petitioner Defendants' documents in the IPRs." **Ex. 1** at 2; *see also id.* at 1. Wildcat's request to self-produce non-petitioner Jaguar's documents violates that agreement.

*Fourth,* the defendants negotiated the PO to prevent competitors in related proceedings or third parties from unintentionally misusing their confidential information. Wildcat agreed. Allowing Wildcat's proposed PO modification would reintroduce that risk.

*Fifth*, any PO modification should be on a document-by-document basis and not broadly applied to the 100,000+ pages of documents sought by Wildcat's PTAB Motion. Defendants have long maintained that any modification to the PO to permit Wildcat to self-produce defendants' confidential district court documents in the IPRs should be "on a case-by-case basis using the procedures outlined in the" PO for a particular document. 8/17/20 Joint Status Report (*e.g.*, D.I. 56 in 1:19-cv-00844) at 5. Wildcat's Letter identifies no document and certainly does not explain why Wildcat's belated desire to conditionally self-produce such unidentified documents in the IPRs outweighs the risks to defendants. Wildcat's failure to identify even one document-at-issue prevents Defendants from specifically responding on the merits.

## Conclusion

This Court should deny Wildcat's request to allow Wildcat to self-produce Defendants' confidential district court documents in the IPRs if the PTAB grants Wildcat's PTAB Motion.

Respectfully,

*/s/ John G. Day*

John G. Day (#2403)

JGD/nml

cc:     Counsel of Record (via electronic mail)

{01657849;v1}                                      3