# EXHIBIT 1

# Kiersz, Benjamin L.

| | |
|---|---|
| **From:** | Seralathan, Meena <MSeralathan@mintz.com> |
| **Sent:** | Tuesday, January 19, 2021 5:15 PM |
| **To:** | Kiersz, Benjamin L.; JLR-Wildcat; John G. Day; Brian Farnan; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P.; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri; John P. Rondini; Leroy Ashley; sborder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad'; 'Valenzuela, Daniel'; 'Pollack-Milgate, Deborah'; 'Seigel, Leah'; Joseph A. Herriges; Nitika Gupta Fiorella; John C. Adkisson; Warren Keith Mabey, Jr.; Hector, Bill; Cimino, Frank C., Jr.; Falkler, Jonathan L.; Woodworth, Megan S.; Rovner, Philip A. |
| **Cc:** | Wildcat Litigation Team; Steve Brauerman; Norma Joyce; Ronald Golden |
| **Subject:** | RE: Request to Meet-and-Confer to Discuss Protective Order \|\| Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH |
| **Attachments:** | 056636-003 Motion for Discovery Telephone Conference (1-19-2021).DOCX |

Counsel,

The dispute we would like to bring to the Court's attention at this time involves the Petitioner Defendants and discovery obtained therefrom, and therefore we take no issue with only Petitioner Defendants participating in the requested telephone conference with the Court. We have amended the motion draft accordingly.

It is Plaintiff's position that this dispute regarding the Stipulated Protective Order is already ripe for discussion with the Court; despite the fact that the Board has not yet issued a decision on the motion for additional discovery, there is still a clear dispute between the parties as to how the Stipulated Protective Order should be interpreted with respect to the use of materials obtained in the course of District Court discovery in the co-pending IPRs. This dispute exists regardless of the manner in which the Board rules on Plaintiff's motion for additional discovery. In light of this dispute, we will be moving forward with filing the attached motion by tomorrow, **January 20, 2021 at 5PM** Eastern with the court. Please review the draft as revised and let us know if you have any comments or suggested edits to the motion prior to our filing with the court.

Regards,
Meena Seralathan


**A. Meena Seralathan**
*Associate*

+1.212.692.6205

[image]

**From:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>
**Sent:** Tuesday, January 19, 2021 12:19 PM

**To:** Seralathan, Meena <MSeralathan@mintz.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Wildcat Counsel,

Please clarify Wildcat's positions relative to (1) the non-petitioner Defendants, and (2) the IPR petitioner Defendants.

1. **Resolved Dispute With Non-Petitioner Defendants**

During our meet-and-confer teleconference on Thursday, Wildcat agreed that if the PTAB authorizes Wildcat to use subpoenas to try to compel the non-petitioner Defendants to produce their respective confidential district court documents in the IPRs, Wildcat will abide by that subpoena process provided in 35 U.S.C. 24 and avoid self-producing the non-petitioner Defendants' documents in the IPRs. As discussed, such self-production by Wildcat in the IPRs would violate the district court protective order. This subpoena process is critical because it provides the non-petitioner Defendants with their only opportunity to object to the production and disclosure of their confidential district court documents in the IPRs. As agreed, Wildcat cannot disclose the non-petitioner Defendants' confidential district court documents in the IPRs unless and until the non-petitioner Defendants, *themselves*, actually produce such documents in response to a hypothetical IPR subpoena after the resolution or overruling of the non-petitioner Defendants' objections to such subpoenas. It is the non-petitioner Defendants' understanding that this agreement resolved the discovery dispute between Wildcat and the non-petitioner Defendants.

We note that your email is directed to the petitioner Defendants, whereas the draft motion is not. Since Wildcat agreed during the call that it could not produce the non-petitioner Defendants' documents in the PTAB, please confirm your motion is limited to the petitioner Defendants and revise it to reflect that. We do not believe the non-petitioner Defendants should be included in the motion, nor have to participate in a call with the Court.

2. **Ongoing Dispute With Petitioner Defendants**

If the PTAB issues an order allowing additional IPR discovery from the petitioner Defendants, the petitioner Defendants will (1) produce the authorized discovery (e.g., confidential district court documents) in accordance with the PTAB's future order and 37 CFR 42.41(c), (2) seek reconsideration from the PTAB, and/or (3) seek interlocutory review of the PTAB's order. These are all matters for the PTAB, not the district court.

The petitioner Defendants dispute Wildcat's below assertion that "Petitioner Defendants did not explain how Wildcat's production of such District Court discovery materials deemed relevant by the PTAB would violate the Protective Order." 2021/01/15 email from M. Seralathan to Defendants (threaded below). The petitioner Defendants have made clear via the below threaded emails and during the meet-and-confer teleconference that Wildcat's proposed self-production of any of the petitioner Defendants' confidential district

court materials in the IPRs would breach Sections 5(e), 5(f), and 8 of the Protective Order by disclosing one petitioner Defendant's confidential documents to the other petitioners. *See, e.g.*, 2021/01/12 email from B. Kiersz to Wildcat Counsel (threaded below). No PTAB decision can alter Wildcat's obligations under the discrete district court protective order.

Wildcat's proposed district court motion concedes that its requested relief is premised upon the PTAB's hypothetical grant of Wildcat's motion for additional IPR discovery. Unless and until that PTAB motion is granted, Wildcat's proposed motion to the district court is premature. If Wildcat nonetheless insists on pursuing an improper and premature motion with the district court now, the JLR, Faurecia, GM, and Magna Defendants are available for a teleconference with the Court on the following dates and at the following times:

- Monday, February 1, 2021;
- Wednesday, February 3, 2021, before 10:00 pm Eastern and between 3:00 and 4:00 pm Eastern;
- Thursday, February 4, 2021, before 3:30 pm Eastern; and
- Friday, February 5, 2021, before 11:00 am Eastern or after 2:00 pm Eastern.

In view of the fact that Wildcat gave the Defendants in eight different suits less than one business day to provide their collective availabilities for a conference with the Court, we were not able to ascertain the availabilities of all Defendants by Wildcat's arbitrary deadline of 12:30 pm today, and are unsure of whether the availability of the non-petitioner Defendants is even pertinent. At this time, I can confirm that the following counsel participated in the meet-and-confer teleconference on Thursday, January 14, 2021:

**For BMW Defendants**: Erin Larson
**For Faurecia Defendants**: Chad Stover
**For GM Defendants**: Joe Herriges
**For JLR Defendants**: John Day, Ben Kiersz
**For Magna Defendants**: Stephanie Koh

Wildcat named its proposed district court motion a "Joint" motion in the name of the document, but more accurately styled the proposed motion as Wildcat's, alone, in the text of the proposed motion. If Wildcat files the motion, please ensure that it is not styled as a "joint" motion.

We look forward to receiving Wildcat's response.

Regards,
Ben Kiersz, Counsel for the JLR Defendants


**Benjamin L. Kiersz** | Special Counsel
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd, 14th Floor | McLean, VA 22102-4856
t +1.703.770.7714 | f +1.703.770.7901
benjamin.kiersz@pillsburylaw.com | website bio

---

**From:** Seralathan, Meena <MSeralathan@mintz.com>
**Sent:** Friday, January 15, 2021 4:13 PM
**To:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com;

skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Counsel,

Further to the meet-and-confer yesterday regarding the use of District Court discovery in the IPRs, we clarified that Plaintiff is not seeking to introduce any additional discovery in the IPR proceedings independent of a decision from the PTAB granting Plaintiff the ability to do so.  Nevertheless, based on our meet and confer yesterday, we understand that the parties are unable to agree on whether Wildcat's production of such materials produced in District Court by Petitioners in the IPRs (if the PTAB grants Wildcat's pending motion) would be a violation of the District Court Stipulated Protective Order.

As you know, it remains Plaintiff's position that this would not violate the Stipulated Protective Order, particularly in light of the parties' joint statement to the Court in their Joint Interim Status Report that "the parties do agree … that it will not be a violation of the Protective Order in this case for Plaintiff to move the Board in the IPR proceedings to compel the production of confidential information produced in this litigation for use in the IPR proceedings." C.A. No. 1:19-cv-00844-MN-JLH, D.I. 56 at 5.  During our meet and confer, the Petitioner Defendants did not explain how Wildcat's production of such District Court discovery materials deemed relevant by the PTAB would violate the Protective Order.  Instead, the Petitioner Defendants claimed that they could not take a position on that issue at this time because PTAB has not yet issued a decision on Plaintiff's Motion for Additional Discovery.  We think this position is non-sensical and designed only to delay and prejudice Wildcat's ability to use materials in its possession in the PTAB proceedings.

Thus, we are at an impasse with respect to this issue. In light of this and in furtherance of our previous correspondence, Plaintiff will be raising this issue with the Court. Attached for your review is a draft Motion for Teleconference to Resolve Discovery Dispute. We plan to file this document with the Court no later than **Tuesday, January 19, 2021 at 12:00 PM Eastern**, and would appreciate any comments or suggested edits in advance of that time.

Regards,
Meena Seralathan

**A. Meena Seralathan**
*Associate*

+1.212.692.6205



**From:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>
**Sent:** Thursday, January 14, 2021 9:37 AM
**To:** Seralathan, Meena <MSeralathan@mintz.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day

<jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Wildcat Counsel,
      Defendants are available this morning at 11:00 am Eastern. We look forward to speaking with you then.
Regards,
Ben Kiersz, Counsel for the JLR

**Benjamin L. Kiersz** | Special Counsel
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd, 14th Floor | McLean, VA 22102-4856
t +1.703.770.7714 | f +1.703.770.7901
benjamin.kiersz@pillsburylaw.com | website bio

---

**From:** Seralathan, Meena <MSeralathan@mintz.com>
**Sent:** Tuesday, January 12, 2021 10:29 AM
**To:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Counsel,

It remains clear that Plaintiff and Defendants disagree on multiple aspects of this dispute. We suggest Thursday, January 14th at 11:00 AM ET for a meet-and-confer. Please find dial-in information below:

Phone Number:        +1-415-655-0003
Access code:         617 567 771

Regards,
Meena Seralathan

**A. Meena Seralathan**
*Associate*

+1.212.692.6205

---

**From:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>
**Sent:** Tuesday, January 12, 2021 9:58 AM
**To:** Seralathan, Meena <MSeralathan@mintz.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; bmulder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Wildcat Counsel,

      I write on behalf of the defendants in the eight district court suits ("Defendants") to dispute Wildcat's characterization of (1) Wildcat's rights and obligations under the district court protective order (*e.g.*, Dkt. 35 in 1:19-cv-00844-MN-JLH) ("District Court Protective Order"), and (2) the consequence of a hypothetical PTAB grant of Wildcat's motion for additional discovery.

1. **<u>The District Court Protective Order Forbids Wildcat From Producing A First Defendant's Protected Material To Another Defendant's/Petitioner's Outside Counsel In A Second Suit/IPR</u>**

Your below email asserts that Wildcat *already* has the unilateral right to cross-produce a first defendant's Protected Material to the outside counsel of a second defendant/petitioner in a second suit/IPR. The following provisions of the District Court Protective Order refute Wildcat's position:

(e) <u>Cross-Production of Defendant Confidential Material</u>. No Defendant is required to produce its Protected Material to any other Defendants or Defendants .... Information produced through discovery in a lawsuit against one Defendant may not be used in a lawsuit against a second Defendant unless it is also timely produced through discovery in the lawsuit against the second Defendant.

(f) Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material…. If Plaintiff seeks to disclose a Defendant's Protected Material to any other Defendant or Defendants, then Plaintiff will seek consent from the Defendant who produced the Protected Material at issue.

District Court Protective Order, Sections 5(e)-(f). Section 8 of the District Court Protective Order further confirms that Wildcat's proposed unilateral cross-production to outside counsel of a second defendant/petitioner in a second suit/IPR would violate the District Court Protective Order. A producing party's Protected Material may be shared with the "<u>Receiving Party's</u> Outside Counsel," but no provision of Section 8 allows for disclosure to any other entity's outside counsel (e.g., outside counsel of a different Defendant or IPR petitioner in a different suit/IPR). District Court Protective Order, Section 8. Wildcat's proposed unilateral cross-production of one Defendant's Protected Material to outside counsel of another defendant/petitioner in the second suit/IPR would violate these provisions of the District Court Protective Order.

Defendants intentionally structured the stipulated District Court Protective Order to ensure that their highly confidential Protected Material would not be shared with their co-defendants (including outside counsel). Various Defendants are direct competitors with each other, and fear that cross-production, even to a competitor's outside counsel, could risk inadvertent misuse.

As explained in my below email, if Wildcat seeks a different result in the district court, Wildcat can use the dispute resolution procedure set out in Section 5(f) of the District Court Protective Order. During a teleconference with Mr. Snell on December 1, 2020, Wildcat stated that it was abandoning the use of Section 5(f) because Wildcat did not believe that Section 5(f)'s dispute resolution procedure would be fast enough for Wildcat's needs. Wildcat's time crunch is of its own doing, as Defendants objected to Wildcat's proposed cross-production back in July.

Defendants also dispute Wildcat's assertion that the PTAB's entry of a protective order ("PTAB Protective Order") can change Wildcat's obligations under the District Court Protective Order. Only the District Court can do that.

Wildcat's new interpretation of the District Court Protective Order is even further refuted by Wildcat's own admission to the PTAB that Wildcat needs a PTAB order authorizing the compelled production in the IPRs of such district court Protected Material. If Wildcat has believed all along that Wildcat was already entitled to unilaterally produce such Protected Material to the petitioners' outside counsel, why did Wildcat file a motion for additional IPR discovery seeking that same result?

2. **If The PTAB Authorizes Wildcat To Subpoena Non-Petitioners For The Compelled Production Of Protected Material, Wildcat Cannot Just Skip That Subpoena Process**

If the PTAB grants Wildcat's motion for additional discovery against non-petitioner defendants, Wildcat will have to subpoena such documents from the non-petitioner defendants. Wildcat cannot bypass the subpoena process entirely and just use the district court materials that are already in Wildcat's possession (and subject to the District Court Protective Order). Wildcat's proposed bypass of the required subpoena process would violate the District Court Protective Order.

Wildcat's citation to the parties' joint status report does not change this result. Defendants agree "that it will not be a violation of the [District Court] Protective Order in this case for Plaintiff to move the Board in the IPR proceedings to compel the production of confidential information produced in this litigation for use in the IPR proceedings." August 17, 2020 Joint Status Report at 5. Compelled production means production that is

7

compelled to be produced from the producing party. Wildcat's proposed unilateral transfer of such Protected Material from the district court suit to the IPRs is not a compelled production.

There is a critical difference between (a) the production in the IPRs of a defendant's Protected Material <u>by Wildcat</u> and (b) the subpoena-compelled production of that same material <u>by the subpoenaed non-petitioner</u>. The subpoena process presents the non-petitioner defendants with their only opportunity to object to Wildcat's proposed use of the non-petitioners' highly confidential documents in the petitioners' IPRs. Wildcat cannot deprive the non-petitioners of the right to object by bypassing the required subpoena process. Moreover, the PTAB cannot entitle Wildcat to skip the subpoena process without violating the District Court Protective Order.

Regardless, this entire dispute is premature unless and until the PTAB grants Wildcat's motion for additional discovery. Even then, what relief does Wildcat seek from the district court?

In view of the above, Defendants believe that a meet-and-confer teleconference would be premature unless and until the PTAB grants Wildcat's motion for additional discovery. Wildcat's proposed meet-and-confer teleconference today at 12:30 pm will not work for Defendants, given the fact that Wildcat provided less than a day of notice. If Wildcat continues to insist on a meet-and-confer teleconference before the PTAB rules on Wildcat's discovery motion, what is Wildcat's availability on Thursday or Friday?

We look forward to receiving Wildcat's response.

Regards,
Ben Kiersz, Counsel for JLR


**Benjamin L. Kiersz** | Special Counsel
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd, 14th Floor | McLean, VA 22102-4856
t +1.703.770.7714 | f +1.703.770.7901
benjamin.kiersz@pillsburylaw.com | website bio

---

**From:** Seralathan, Meena <MSeralathan@mintz.com>
**Sent:** Monday, January 11, 2021 1:37 PM
**To:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; bmulder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Dear Counsel,

We respectfully disagree with your characterization of the dispute.

In light of our previous discussions regarding the Stipulated Protective Order, it is Plaintiff's position that production of requested discovery materials in the IPRs would not violate the Stipulated Protective Order so long as a corresponding Protective Order is filed in the IPRs that prevents confidential material from being shared directly with the Defendants. Plaintiff notes that despite such a Protective Order being filed and entered in the IPRs that would only permit *counsel* to the Defendants to review any confidential materials, at least some Defendants have nevertheless argued recently that the Stipulated Protective Order in District Court would still prohibit the use of any materials from the District Court litigation in the co-pending IPRs.

This argument is without merit. The parties agreed and told the District Court in the Joint Interim Status Report that "it will not be a violation of the Protective Order in this case for Plaintiff to move the Board in the IPR proceedings to compel the production of confidential information produced in this litigation for use in the IPR proceedings," meaning that if Plaintiff moved to compel in the IPRs, and that motion was granted by the Board, Plaintiff would have the right to use the information. This is the only logical meaning of this agreement between the parties. Defendants' decision to now twist this language to mean that Plaintiff (after successfully winning its motion in front of the Board) has to file additional motions with the District Court for the same relief appears to be nothing more than an attempt to create a loophole where none exists to further delay Plaintiff's ability to use confidential information in its Patent Owner's Response, now due in approximately two weeks.

Furthermore, your continued concern that "Wildcat cannot unilaterally use a Defendant's confidential district court material in the IPRs because doing so would reveal that Defendant's confidential information to the IPR petitioners" has already been rendered moot by the IPR Protective Orders entered on December 15, 2020 that Plaintiff had already previously agreed to enter in the IPRs and which, as noted above, only permit Defendants' *counsel* to review other Defendants' confidential information. There is no prejudice or danger in allowing Defendants' counsel to review other Defendants' confidential information, nor have Defendants alleged any. Therefore the entered Protective Order in the IPRs already gives Petitioners the ability to respond to Plaintiff's arguments based on this confidential information in the IPR proceedings, while prohibiting the disclosure of confidential information to the Defendants themselves. Notably, Defendants have yet to argue that the entered IPR protective orders would *not* grant such protections.

To resolve this issue with minimal delay, Plaintiff asks for a meet and confer to discuss these issues, or otherwise to schedule a conference with the court to resolve the issue of whether the Stipulated Protective Order would still preclude production of discovery in the IPRs should the PTAB grant Plaintiff's motion for additional discovery.

Therefore, please confirm your availability on **Tuesday, January 12, 2021 at 12:30 PM ET** to meet and confer on these issues. If counsel does not wish to meet and confer at this time, Plaintiff will note the points above and Defendants' unwillingness to meet and confer in Plaintiff's request to the Court tomorrow.

Regards,
Meena Seralathan

**A. Meena Seralathan**
*Associate*

+1.212.692.6205



9

**From:** Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>
**Sent:** Wednesday, January 6, 2021 11:11 AM
**To:** Seralathan, Meena <MSeralathan@mintz.com>; JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; bmulder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

Wildcat Counsel,

I write on behalf of the non-petitioner defendants ("Defendants").

Defendants do not understand what relief Wildcat seeks through its below email. If the PTAB grants Wildcat's motions to use subpoenas to try to compel non-petitioners to produce highly confidential district court documents in the IPR proceedings, Wildcat can use the subpoena process laid out in 35 U.S.C. 24. The August 17, 2020 Status Report does not alter that PTAB process, and a hypothetical PTAB decision granting Wildcat's motion for additional discovery would not alter Wildcat's obligations under the district court protective order.

Defendants agree that the use of such hypothetical subpoenas (if authorized by the PTAB) would not violate the district court protective order. Defendants do intend to raise various objections to such hypothetical subpoenas, but it is premature to meet and confer now on future objections to subpoenas that have not even been authorized, much less served.

As Defendants have long maintained, Wildcat cannot unilaterally use a Defendant's confidential district court material in the IPRs because doing so would reveal that Defendant's confidential information to the IPR petitioners, in violation of Section 5(f) of the district court protective order. Wildcat has two alternative ways to use confidential district court documents in the IPRs:

1. convince the producing Defendant or district court to authorize such use pursuant to Section 5(f) of the district court protective order; or
2. obtain and successfully enforce a district court subpoena for such documents under 35 U.S.C. 24. This subpoena process would not violate the district court protective order because the resulting compelled production from a Defendant in response to such a subpoena would grant Wildcat access to the produced documents independent of the obligations of the district court protective order. *See* December 23, 2019 Protective Order at 5 ("Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party … that is lawfully acquired by or known to the Receiving Party independent of the Producing Party[.]"); *see also* August 17, 2020 Joint Status Report at 5 ("Defendants indicated that they are not willing to agree that confidential information produced in this litigation can be submitted to the Board under seal as a matter of course and, instead, proposed that any such documents should be considered on a case-by-case basis using the procedures outlined in the Protective Order. The parties do agree, however, that it will not be a violation of the Protective Order in this case for Plaintiff to move the Board in the IPR proceedings

to compel the production of confidential information produced in this litigation for use in the IPR proceedings.").

If Wildcat disagrees with any of the above, please explain, and specifically articulate what relief Wildcat is seeking in the pending district court cases. Absent such an explanation, a meet-and-confer teleconference would be premature.

Defendants look forward to receiving Wildcat's response.

Regards,
Ben Kiersz

**Benjamin L. Kiersz** | Special Counsel
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd, 14th Floor | McLean, VA 22102-4856
t +1.703.770.7714 | f +1.703.770.7901
benjamin.kiersz@pillsburylaw.com | website bio

---

**From:** Seralathan, Meena <MSeralathan@mintz.com>
**Sent:** Monday, January 4, 2021 6:20 PM
**To:** JLR-Wildcat <JLR-Wildcat@Pillsburylaw.com>; John G. Day <jday@ashbygeddes.com>; Brian Farnan <bfarnan@farnanlaw.com>; clement.naples@lw.com; diane.ghrist@lw.com; gabrielle.lahatte@lw.com; Matthew.moore@lw.com; Atkins, William P. <william.atkins@pillsburylaw.com>; Kiersz, Benjamin L. <benjamin.kiersz@pillsburylaw.com>; brian.biggs@dlapiper.com; erin.larson@dlapiper.com; joe.lavelle@dlapiper.com; Damon.anderson@us.dlapiper.com; rlrenck@duanemorris.com; aesnedeker@duanemorris.com; gdricheson@duanemorris.com; rlmcgrath@duanemorris.com; LERL0108L@brookskushman.com; Frank A. Angileri <fangileri@brookskushman.com>; John P. Rondini <jrondini@brookskushman.com>; Leroy Ashley <lashley@brookskushman.com>; sborder@sidley.com; bmulder@sidley.com; skoh@sidley.com; kevin.oliver@sidley.com; farnan@rlf.com; 'Stover, Chad' <Chad.Stover@btlaw.com>; 'Valenzuela, Daniel' <DValenzuela@btlaw.com>; 'Pollack-Milgate, Deborah' <Deborah.PollackMilgate@btlaw.com>; 'Seigel, Leah' <Leah.Seigel@btlaw.com>; Joseph A. Herriges <herriges@fr.com>; Nitika Gupta Fiorella <fiorella@fr.com>; John C. Adkisson <adkisson@fr.com>; Warren Keith Mabey, Jr. <mabey@fr.com>; Hector, Bill <WAHector@Venable.com>; Cimino, Frank C., Jr. <FCCimino@Venable.com>; Falkler, Jonathan L. <JLFalkler@Venable.com>; Woodworth, Megan S. <MSWoodworth@Venable.com>; Rovner, Philip A. <provner@potteranderson.com>
**Cc:** Wildcat Litigation Team <WildcatLitigationTeam@mintz.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Norma Joyce <NJoyce@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** Request to Meet-and-Confer to Discuss Protective Order || Wildcat Licensing WI LLC v. Bayerische Motoren Werke AG, et al., C.A. Nos. 19-834, 19-839-MN-JLH, 19-840-MN-JLH, 19-842-MN-JLH, 19-843-MN-JLH, 19-844-MN-JLH, 19-845-MN-JLH, 19-846-MN-JLH

**\* EXTERNAL EMAIL \***

Counsel,

Recent representations regarding the Stipulated Protective Order filed on December 23, 2019, by counsel of multiple Defendants in the above-noted cases, suggest that Defendants believe that the Stipulated Protective Order does not authorize Plaintiff to use discovery obtained in the course of the instant cases in co-pending IPR proceedings, e.g., for the purpose of supporting Plaintiff's secondary considerations of nonobviousness arguments and subsequent to an order from the PTAB granting permission to produce such discovery. Plaintiff's position remains that this new position by counsel is contrary to Defendants' assertions on page 8 the August 17, 2020 Joint Interim Status Report, wherein the Defendants stated:

"The parties do agree...that it will not be a violation of the Protective Order in this case for Plaintiff to move the Board in the IPR proceedings to compel the production of confidential information produced in this litigation for use in the IPR proceedings"

In light of this new disagreement over the scope of the Protective Order, Plaintiff requests a meet-and-confer on **January 6, 2021 at 12:00 PM ET** to discuss this matter and to attempt to reach an agreement before seeking intervention from the Court.  Please advise as to your availability to meet and confer at this date and time.

Regards,
Meena Seralathan

**A. Meena Seralathan**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue, New York, NY 10017
+1.212.692.6205
MSeralathan@mintz.com | Mintz.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at DirectorofIT@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.